UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

CINCINNATI, OHIO

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| ISLAND CREEK COAL COMPANY, | ) | SIXTH CIR. NO.:  12-3935 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOHNNY EUGENE BUNNER, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DIRECTOR, OFFICE OF WORKERS' | ) | |
| COMPENSATION PROGRAMS, UNITED | ) | |
| STATES DEPARTMENT OF LABOR, | ) | |
| | ) | |
| Statutory Respondent. | ) | |
| _____ | ) | |

_____

**ISLAND CREEK COAL COMPANY'S
SECOND STATUS REPORT**
_____

On August 23, 2013, this Court issued an Order requiring the Petitioner,

Island Creek Coal Company, to provide it with regular status updates.  Island

Creek respectfully submits the following regarding the status of this matter:

On August 23, 2013, this Court held briefing in this matter in abeyance pending decisions in *Big Branch Resources, Inc. v. Ogle*, 6th Cir. No. 13-3251, and *Island Creek Kentucky Mining, Inc. v. Ramage*, 6th Cir. No. 12-3873. *Ogle* and *Ramage* raise the same legal issue involved in this case: whether the limitations on the methods of rebutting the 15-year presumption of total disability due to pneumoconiosis contained in 30 U.S.C. § 921(c)(4) apply to responsible operators.

On December 17, 2013, the Court issued opinions in *Ogle* and *Ramage* denying the petitions for review. The Court in *Ogle* and *Ramage* rejected the argument that responsible operators are not limited to the two rebuttal methods delineated in 30 U.S.C. § 921(c)(4), and concluded there is no third method of rebutting the 15-year presumption.

The period of time for seeking panel and/or en banc reconsideration of *Ogle* and *Ramage* will not expire until January 16, 2014. The period of time for filing petitions for writs of certiorari with the Supreme Court of the United States will not expire until February 15, 2014 (if panel and/or en banc rehearing is not sought), or until 60 days after panel and/or en banc rehearing is denied. *Ogle* and *Ramage* will therefore not become final until January 16, 2014 at the earliest.

Accordingly, Island Creek maintains that judicial economy will be served by continuing to hold the briefing for this case in abeyance pending the final resolution of any petition for panel or enbanc reconsideration in *Ogle* and *Ramage*.

2

Respectfully Submitted,

**ISLAND CREEK COAL COMPANY,**

By Counsel.

<u>/s/ Jeffrey R. Soukup</u>
Jeffrey R. Soukup
West Virginia Bar No. 11872
Jackson Kelly PLLC
150 Clay Street, Suite 500
P. O. Box 619
Morgantown, WV  26507
(304) 284-4130

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing, **ISLAND CREEK COAL COMPANY'S SECOND STATUS REPORT**, was served upon the following by electronic filing on this **23rd** day of December, 2013.

<u>**ELECTRONIC**</u>:     Deborah S. Hunt, Clerk
United States Court of Appeals for the Sixth Circuit
100 East Fifth Street, Room 540
Potter Stewart U. S. Courthouse
Cincinnati, OH  45202-3988

Sean Bajkowski, Esq.
Michelle S. Gerdano, Esq.
U.S. DOL, Office of the Solicitor
Suite N-2117- FPB
200 Constitution Avenue, NW
Washington, DC  20210
blls.sol@dol.gov
gerdano-seyman-miche@dol.gov

Brent Yonts
P. O. Box 370
114 Mill Street
Greenville, KY  42345
brentyonts@yahoo.com

/s/ Jeffrey R. Soukup
*Counsel for Island Creek Coal Company*

cc:     Candy Price, HealthSmart Casualty Claims Solutions
M0919993.DOC